# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

Daniel Brigham
NBCI
14100 McMullen Hwy
Cumberland, MD

*(Full name, date of birth, identification #, address of petitioner)*
**Plaintiff,**

v.

Dayena Corcoran
(Commissioner),
et al.,

*(Full name and address of respondent)*
**Defendant(s).**

FILED ___ ENTERED
LOGGED ___ RECEIVED

MAY 04 2020

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

Case No.: _____
*(Leave blank. To be filled in by Court.)*

## COMPLAINT

I. Previous Lawsuits

  A. Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

   YES ☐    NO ☒

  B. If you answered YES, describe that case(s) in the spaces below.

   1. Parties to the other case(s):

      Plaintiff: _____

      Defendant(s): _____

   2. Court (if a federal court name the district; if a state court name the city or county):

      _____

3. Case No.: _____

4. Date filed: _____

5. Name of judge that handled the case: _____

6. Disposition (won, dismissed, still pending, on appeal): _____

7. Date of Disposition: _____

II. Administrative Proceedings

   A. If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

      YES ☑   NO ☐

    1. If you answered YES:

       a. What was the result? __No remedy Given__

       b. Did you appeal? _____

          YES ☑   NO ☐

    2. If you answered NO to either of the questions above, explain why: _____

III. Statement of Claim
(Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

__See Complaint (Attached)__

IV. Relief
(State briefly what you want the Court to do for you.)

See Complaint (Attached)

SIGNED THIS 21 day of Apirl, 2020.

_Signature of Plaintiff_

Daniel Brigham
Printed Name

NBCI
14100 McMullen Hwy, SW
Cumberland, MD 21502
Address

N/A
Telephone Number

N/A
Email Address

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Daniel Brigham, Michael Boyer, Eulista Dunn,
Ricky Horton, and Kory Stevenson
        Plaintiff"s,

        V                                      COMPLAINT

Dayena Corcoran (Commissioner); Frank Bishop
(Warden); Richard Roderick (Case Management
Manager); and Lauren Beitzel (Licensed
Professional Counselor);
        Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## SUMMARY OF CASE

Daniel Brigham (Mr.Brigham) files this "Class Action" lawsuit on behalf of all class members, and sues all defendants in their personal capacity aswell as their official capacity under 42 USC 1983 (deprivation of rights under color of law) for violations of his and class members 14th Amendment right of due process and 8th Amendment right to be free of cruel and unusual punishment through the misuse of their authority under color of law. Additionally, Mr.Brigham along with class members are seeking injunctive relief, declaratory relief and money damages.

## JURISDICTIONAL STATEMENT

2) This Honorable Court exercises subject matter jurisdiction over the claims of the Plaintiff's in this case under Fed.R.Civ.P. 23(a), 23(b), 23(b)(2),

23(b)(3), and 28 USC § 1331 (federal constitutional and United States Code questions.

3) This Honorable Court is a proper venue and forum because acts herein described occurred within the District of Maryland, to wit in Cumberland, Maryland.

## PARTIES

4) Daniel Brigham #281-611, is a prisoner who is currently residing in the custody of the state of Maryland at 14100 Mcmullen Highway, Cumberland, MD 21502. At all times relevant, Mr.Brigham was confined at The North Branch Correctional Institution (NBCI).

5) Kory Stevenson #322-646, Michael Boyer #325-324, Ricky Horton #424-586, and Eulista Dunn #292-821, are Class Members, along with other unnamed prisoners within this lawsuit. All members are prisoners who is currently residing in the custody of the state of Maryland at 14100 Mcmullen Highway, Cumberland, MD 21502. At all times relevant, all members was confined at NBCI.

6) Dayena Corcoran (Commissioner Corcoran) is the Commissioner of Corrections and can be located at 6776 Reiserstown Road, Suite 200 A, Baltimore, MD 21215. Commissioner Corcoran is responsible for the authority that govern MaxII Structure Housing (MaxII SH) inmates, and is responsible for making sure inmates are suitable to be a MaxII SH inmate according to established under its directives.

7) Frank Bishop (Mr. Bishop) is the warden at NBCI, and can be located a 14100 Mcmullen Highway, Cumberland, MD 21502. Mr.Bishop is responsible for all operations at NBCI, including the MaxII SH facility. Mr.Bishop is responsible for making sure all staff adhere to the commissioner's authority through policy and procedures.

8) Richard Roderick (Mr.Roderick) is the case management manager located at 14100 Mcmullen Highway, Cumberland, MD 21502. Mr.Roderick is the Chairperson who heads the Multi-Disciplinary Team (MDT) and is responsible for over seeing the staff and inmates within the MaxII SH facility.

9) Lauren Beitzel (Mrs. Beitzel) is the Mental Health Professional Counselor (Staff Representive for Psychology) who can be located at 14100 Mcmullen Highway, Cumberland, MD 21502. Mrs. Beitzel is a member of the MDT, in which she willfully and wantonly participated in the illegal and unreasonable seizures of plaintiff's person.

## FACTS

10) Due to a federal mandate, back in June 2017, the commissioner of corrections (Dayena Corcoran) directed NBCI to create the MaxII SH facility. Since than, NBCI has been placing inmates in their facility without due process of law.

11) NBCI failed for several years to provide mental health screening on intake. Adequate prison mental health care requires "a systematic program for screening and evaluating inmates to identify those in need of mental health care".

12) **DOC.100.0004(1)(b)** states: If the case management plan process identifies or if made aware by other facility staff of inmate behavior that may qualify an inmate for placement in MaxII SH, an case management specialist:

"Shall" refer the inmate to the psychology department for a mental health evaluation using a referal for psychology services form (available from psychology services) and if the mental health evaluation finds that the inmate:

IS seriously mentally ill (SMI), may not recommend the inmate for MaxII SH.

13) Therefore, defendants failure to conduct psychiatric evaluations on Mr.Brigham and members of his class is a denial of due process of law. No inmate can be placed in MaxII SH without first determining if that person is SMI through psychiatric evaluations.

14) Upon information and belief, it is clear that defendants placed Mr.Brigham and members within his class in MaxII SH without conducting psychiatric evaluations with the intentions to oppress and/or evil intent to discriminate with extreme prejudice.

15) At no point did Mr.Brigham or members of his class give defendants permission, license, or consent to seize their person without due process of law.

16) As a result of defendants illegal actions, inmates who are on psychotropic medication and who is already diagnosed with a SMI are being placed in MaxII SH, in which they're being denyed treatment, services, and programing more suitable for their condition.

17) As a result of defendants illegal actions, Mr.Brigham and members of his class are being deprived their right to be free from cruel and unusual punishment, in which plaintiff's are being deprived life.

18) As a result of defendants illegal actions, Mr.Brighan and certain members of his class are going undiagnosed, in which the behavior that got them recommended for MaxII SH may be the cause of a condition that is beyond their control.

19) Mr.Brigham did pursue administrative remedies within the Maryland Department of Corrections, but was ultimately denied an adequate remedy for his grievances against the defendants (see IGO No. 20181875).

WHEREFORE, Mr.Brigham and members of his class respectfully demands compensatory damages of $500,000.00 and punitive damages of $500,000.00 against all defendants jointly and seperately. Mr.Brigham and members of his class also demands mandatory injunctive relief.

## COUNT 1
### Deprivation of Right of Due Process
### 42 USC §1983 and Const. Amend. XIV

20) The substance of paragraphs 1 through 19 above is incorporated by reference as if restated herein in full.

21) Through their illegal actions, defendants deprived Mr.Brigham and members of his class their right to be free from deprivations of life, liberty, and privileges.

Wherefore, Mr.Brigham and members of his class respectfully demands compensatory damages of $500,000.00 and punitive damages of $500,000.00 against all defendants jointly and seperately.

## COUNT 2
### Deprivation of Right Against Unreasonable Seaech And/Or Seizure
### 42 USC §1983 and US Const. Amend. IV

22) Through their illegal actions upon him, defendants deprived Mr.Brigham and members of his class their right to be free from unreasonable searches and seizures.

Wherefore, Mr.Brigham and members of his class respectfully demands compensatory damages of $500,000.00 and punitive damages of $500,000.00 against all defendants jointly and seperately.

## COUNT 3
### Infliction of Cruel and Unusual Punishment
### 42 USC §1983 and US Const. Amend. VIII

23) Through their illegal actions, defendants deprived Mr.Brigham and members of his class their right to be free fromm cruel and unusual punishment.

24) The aforementioned punishment was cruel.

25) The aforementioned punishment was unusual both in its method of punishment and its absence of any support in law, procedure or order of competent judicial or executive authority.

Wherefore, Mr.Brigham and members of his class respectfully demands compensatory damages of $500,000.00 and punitive damages of $500,000.00 against all defendants jointly and seperately.

## COUNT 4
### Americans With Disabilities Act
### And Rehabilitation Act
### US Constitutional Rights Against Discrimination
### And Denial of Services

26) The substance of paragraphs 1 through 25 above is incorporated by reference as if restated herein in full.

27) Through their illegal actions, defendants deprived Mr.Brigham and members of his class their right to receive equal opportunities to the same classifications, programming, treatment, services and protection that is given to inmates who suffer from similar disabilities.

Wherefore, Mr.Brigham and members of his class respectfully demands compensatory damages of $500,000.00 and punitive damages of $500,000.00 against all defendants jointly and seperately.

## INJUNCTIVE RELIEF

Mr.Brigham and members of his class respectfully request that this Honorable Court order the defendants to:

1) Release all inmates who was not properly placed in MaxII SH from MaxII SH.

2) Order the defendants to conduct psychiatric evaluations on all inmates within the MaxII SH facility.

3) Place all inmates in MaxII SH in their proper classification.

4) Transfer all inmates in MaxII SH to an institution where they can receive programming, treatment, and services more suitable for their conditions.

## DEMAND FOR JURY TRIAL

Mr.Brigham and members of his class respectfully demands a trial by jury on all issues triable by jury under the law.

I, Daniel Brigham, do swear under the penalties of perjury that the facts within the foregoing complaint is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

*[signature]* 7/31/d/

Daniel Brigham#281-611
NBCI
14100 Mcmullen HWY, sw
Cumberland, MD 21502